UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH H. WOODSON,

                              Plaintiff,

            -against-                                        22-CV-7714 (LTS)

LISARAYE McCOY,                                          ORDER OF DISMISSAL

                              Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, asserting that Defendant is stalking him and streaming his life online. By order dated

September 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP),

that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this

action.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against LisaRaye McCoy, who appears to be a famous personality in entertainment.[1] He invokes the Court's federal question jurisdiction, asserting that the basis for jurisdiction is "identity theft, piracy, online bullying, [and] robbery." (ECF 2, at 3.)[2]

---

[1] Defendant McCoy is an actress, model, entrepreneur, and former first lady of the Turks and Caicos Islands. See https://en.wikipedia.org/wiki/LisaRaye_McCoy (last visited Jan. 20, 2023.)

[2] The Court quotes from the complaint verbatim. All grammar and punctuation are as in the original unless indicated otherwise.

Plaintiff makes the following assertions in the complaint:

On or about 9/17/2021, the defendant started an Onlyfans[3] account where somehow she streams my life. Everything not sure how she has this capability[.]

It began on 9/17/2021 and she will not stop! and will not compensate stating, I do what I want but hopefully not in the great USA.

She initially hacked my phone then computer. Judging from how she post she has access to every camera somehow.

(*Id*. at 4-5.)

Plaintiff claims that Defendant has profited from her actions, earning over $100 billion in the last year. He seeks $1 billion in damages and to shut down the page so that Defendant would "no longer be able to stalk [him]." (*Id*. at 5.)

### DISCUSSION

### A.    The Court does not have subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

---

[3] According to onlyfans.com, OnlyFans is a social media platform that is "inclusive of artists and content creators from all genres and allows them to monetize their content while developing authentic relationships with their fanbase." https://onlyfans.com/about (last visited Jan. 30, 2023).

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.      Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Court's federal question jurisdiction, but the complaint does not set forth any federal claims or otherwise assert a basis for federal question jurisdiction under Section 1331. Plaintiff alleges that Defendant is somehow streaming his life online and asserts claims of "identity theft, piracy, online bullying and robbery," none of which, without more, constitutes a federal cause of action. (ECF 2, at 3.) Plaintiff has not alleged facts sufficient to support the existence of federal question jurisdiction this matter.

### 2.      Diversity jurisdiction

Although Plaintiff does not invoke diversity of citizenship jurisdiction, the Court will consider whether he has alleged facts sufficient to do so. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of

different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity of citizenship is present when the action is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). An individual is a citizen of the state where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff, who indicates that he is domiciled in New York, alleges that Defendant resides in Los Angeles, California. Assuming Plaintiff is claiming that Defendant is domiciled in California, diversity of citizenship appears to exist between Plaintiff and Defendant.

Plaintiff has not, however, alleged facts suggesting that his claims meet the $75,000.00 statutory jurisdictional amount for diversity jurisdiction. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing

*Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26,

2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

Here, Plaintiff requests $1 billion in damages, claiming that Defendant has made over

$100 billion dollars from her actions. He fails, however, to allege facts plausibly suggesting that

he has suffered any damages amounting to the $1 billion he seeks. As a result, Plaintiff fails to

show that he can satisfy the $75,000.00 amount in controversy. The Court therefore lacks

diversity jurisdiction of Plaintiff's claims.

Because Plaintiff has failed to allege facts showing that the Court has either federal

question or diversity jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack

of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d

110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of

proving by a preponderance of the evidence that it exists.").

**B.      Plaintiff's claim appears to have no basis in law or fact.**

Even if Plaintiff could meet the amount in controversy for diversity jurisdiction, he fails

to allege facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss

a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A

claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when

allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably

meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation

omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture."

*Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations

that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff asserts that Defendant McCoy has hacked his phone and computer and is streaming every moment of his life on the website OnlyFans. He also asserts that she has monetized her conduct and is earning $100 billion a year. Plaintiff does not, however, provide any plausible factual support for his claims and his assertions appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff has pleaded no factual predicate showing that Defendant has violated his rights. The Court therefore also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.**     **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   February 16, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge